Harold Haley BURBANK, II, Plaintiff–Appellant,

v.

Attorney General, State of Connecticut and Richard BLUMENTHAL, Defendants–Appellees.

No. 03–7167.

United States Court of Appeals, Second Circuit.

Sept. 29, 2003.

John R. Williams, New Haven, CT, for Appellant.

Joseph A. Jordano, Assistant Attorney General for the State of Connecticut (Richard Blumenthal, Attorney General), Hartford, CT, for Appellees, of counsel.

PRESENT: FEINBERG, SACK, Circuit Judges, and WEXLER, District Judge.*

* Of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Plaintiff-appellant Harold Burbank, II, appeals from the district court's grant of defendants' summary judgment motion on Burbank's claims that the Connecticut Office of the Attorney General ("OAG") had discriminated against him because of his race in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.;* that Connecticut Attorney General Richard Blumenthal had discriminated against him on the basis of race and age in violation of 42 U.S.C. § 1983; and that Blumenthal had violated the Connecticut Fair Employment Practices Act ("CFEPA") §§ 46a–58 & 46a–60. Other claims by Burbank, although addressed by appellees, are not raised in this appeal and are therefore deemed abandoned.

Reviewing the district court's grant of summary judgment de novo and drawing all factual inferences in favor of the non-moving party, we conclude that Burbank's claims were properly dismissed on defendants' motion for summary judgment. Burbank's five failures of the Connecticut bar exam and the mixed reviews from supervisors during his work as a paralegal for the OAG were sufficient for defendants to rebut any prima facie case of age or race discrimination Burbank might make. Burbank has not produced sufficient evidence for a reasonable factfinder to determine that the proffered legitimate nondiscriminatory reasons for not hiring him were a pretext for discrimination. *See Norton v. Sam's Club,* 145 F.3d 114, 119 (2d Cir.1998); *Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.1985).

The foregoing analysis, applicable to the federal discrimination claims under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny, also applies to the district court's grant of summary judgment as to Burbank's state-law CFEPA claims. *See Levy v. Comm'n on Human Rights & Opportunities,* 236 Conn. 96, 671 A.2d 349, 355 (Conn.1996). Summary judgment was therefore also proper as to those claims.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.